SARAH A. BARTON AND ELIZABETH B. SABIN, AS ADMINISTRATORS, ETC., OF JOSEPH McCHESNEY, DECEASED, APPELLANTS, *v.* MARGARET McCHESNEY AND THE PEOPLE'S NATIONAL BANK OF MALONE, RESPONDENTS.

*Action by an administrator to recover money of the deceased on deposit in a bank —*
*evidence to show that an alleged gift thereof was fraudulent, as to the decedent's*
*creditors, is admissible — pleading, what evidence is competent in avoidance of new*
*matter in an answer.*

Upon the trial of this action, brought by the plaintiffs, as the administrators of Joseph McChesney, deceased, to recover the sum of $1,295.86, which the intestate had, at the time of his death, on deposit with a national bank, it appeared that the bank had transferred the money standing in Joseph McChesney's name and had put it to the credit of the defendant Margaret McChesney, who claimed in her answer to be.

entitled to it by a gift from the intestate. The complaint alleged that the money belonged to Joseph McChesney at the time of his death; its deposit in the bank; that the bank had wrongfully paid it to Margaret McChesney; that the plaintiffs had demanded the money from each defendant and that they refused to deliver it.

On the trial the plaintiffs offered to show that, at the time of the alleged gift to Margaret McChesney, the deceased was largely indebted to divers persons for debts which were still outstanding and unpaid; that the gift contained all the property of the deceased, except some old clothing and a few dollars in silver.

*Held,* that it was error to exclude the evidence as inadmissible under the complaint.

*Jones* v. *Jones* (41 Hun, 163); *Potts* v. *Hart* (99 N. Y., 170); *Ceas* v. *Bramley* (18 Hun, 187) followed.

That the defendants having alleged the gift by way of an answer, the plaintiffs were not required to reply, and could overcome the effect of the gift, if established, by any evidence. (Per LANDON, J.)

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury at the Franklin County Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*M. T. Scanlon*, for the appellants.

*Albert Hobbs*, for the respondents.

LEARNED, P. J.:

Joseph McChesney, plaintiffs' intestate, died January 12, 1887. At the time of his death he had on deposit with the People's National Bank of Malone, one of defendants, $1,295.86, in what was called the interest department. He had a pass-book, the form of which and the terms therein, if any, do not appear. On the day of his death, and when ill, he signed upon the cover of the book the following writing:

"Pay the bearer          dollars on account of money standing to my credit or subject to my control, as per book dated January 12, 1887."

"JOSEPH × McCHESNEY.
                His
                mark.

"THOMAS RICE, *Witness*."

He directed Ferguson to take the book and give it to Margaret, one of the defendants. Ferguson did so; Margaret took the book, came back and put it in the drawer. About six days before this time deceased had said to Ferguson that he wanted this money passed

over to Margaret with the least possible trouble and expense. On. the twenty-eighth of January the pass-book was taken to the bank by Margaret McChesney, Rice and Ferguson. They indemnified the bank, and then the money standing to the credit of Joseph McChesney, $1,295.86, was transferred by the bank and put to the credit of Margaret in the (so called) general department.

Subsequently the plaintiffs were duly appointed administrators. of Joseph McChesney's estate, and thereupon they demanded from the bank and from Margaret this money, which was refused. This. action is brought to recover the same. The complaint alleges that. the money belonged to Joseph at his death and was on deposit with the bank; that the bank had, since his death, wrongfully paid it to Margaret; that plaintiff had demanded the money of each of defendants and that they had refused to deliver it. On the trial the. plaintiffs offered to show that, at the time of the alleged gift to Margaret, the deceased was largely indebted to divers persons for debts which are still outstanding and unpaid against the estate.. Also that the alleged gift contained all the property of deceased, except some old clothes and a few dollars in silver. This evidence was objected to as inadmissible under the complaint and was excluded, and plaintiffs excepted. The evidence was offered under the right given to administrators by chapter 318, Laws of 1858, to disaffirm transfers made in fraud of creditors. It seems to us that. the decisions have established that such evidence is admissible under a complaint in this form.

*Jones* v. *Jones* (41 Hun, 163) was an action by an executor to recover money belonging to the testator and alleged to have been received by defendant. On the trial the defendant set up a gift to him by the testator of the money. Thereupon the plaintiff sought to show that such gift was a fraud on creditor and offered proof of a debt owing by the testator. This was excluded on the ground that it was not competent under the pleadings. The court held this to be error. Judge FOLLETT, who dissented, placed his dissent on the ground that there was no evidence that the testator was insolvent at the time of the gift, and that it was not suggested that such evidence would be given. He therefore did not hold the evidence of indebtedness incompetent under the pleadings. In the present case there was an offer to show that the deceased had

practically nothing except the money alleged to be given. *Potts* v. *Hart* (99 N. Y., 170) was an action for goods alleged to have been converted by defendant; answer, a general denial. Defendant showed a chattel mortgage under which he claimed title to the goods. Plaintiff gave evidence to show that the mortgage was fraudulent as to creditors of testator. A recovery for plaintiff was affirmed. *Ceas* v. *Bramley* (18 Hun, 187) is to the same effect. What the effect of this evidence would be we cannot say, but these decisions show that it was admissible. These views render it unnecessary to examine the questions as to the effect of the so-called transfer and the alleged gift.

Judgment reversed, new trial granted, costs to abide event.

LANDON, J.:

I do not think the plaintiff could have given the evidence referred to in support of their cause of action under their complaint. But the defendants alleged the gift by way of an answer in avoidance. To this the plaintiffs were not required to reply, and they could overcome the effect of this gift, if established, by any evidence.

INGALLS, J., concurred.

Judgment and order reversed, new trial granted, costs to abide event.